## STACK v METROPOLITAN DADE COUNTY
### Case No. 88-194 AP
Eleventh Judicial Circuit, Dade County
October 17, 1989

### APPEARANCES OF COUNSEL

**Dennis Dean,** for appellant.

**Carol Anderson,** Assistant County Attorney, for appellee.

Before NADLER, DONNER, ROBINSON, JJ.

### OPINION OF THE COURT

PER CURIAM.

This appeal follows the decision of the County Manager of Dade County, upholding the Appellant's 20-day suspension from county services.

On September 14, 1987 Appellant Arthur Stack, received notification from the Director of the Metro-Dade Police Department of his 20-day suspension. An Appeal followed and on February 11, 1988 Appellant

came before the hearing examiner. On June 16, 1988 the County Manager upheld Arthur Stack's suspension finding the Appellant in violation of Metro-Dade Police Department Rules 2.700.20, divulging confidential internal information and 2.200.67, interference with an internal investigation.

Metro-Dade Police Department, Rule 2.700.20 provides that no employee shall communicate internal departmental information with someone who is not a member of the organization, without authorization.

The Appellant contends that the evidence which points towards his divulgence of confidential information about wiretaps is hearsay. However, the evidence is both competent and substantial. A witness may testify regarding all matters in which he has personal knowledge, F.S. § 90.604.

The recorded conversation which implicated Arthur Stack was heard by Sgt. Hasenback, who recognized the voices on the tape and Sgt. Gilliland, who transcribed the remarks regarding "Art" and the information about wiretaps in San Pedro's home. Both sergeants are competent witnesses, who have testified as to Appellant's violation of Rule 2.700.20.

Metro-Dade Police Department Rule 2.200 states "Except as authorized or required, an employee shall not contact persons involved in an internal investigation, nor disclose or discuss with anyone, except the designated Departmental authority, the existence or facts of a complaint.

After Bernkrant, a police informant, had been asked to give a statement to Internal Review, Arthur Stack conferred with Bernkrant regarding his testimony. Rule 2.200.67 prohibits an employee from contacting any person involved in an internal investigation. Sgt. Stack, a 14 year veteran with the Department, is well aware of this rule and yet conversed with Bernkrant, an Internal Review witness.

The County Manager's decision to uphold Arthur Stack's 20-day suspension is therefore affirmed.

ROBINSON, J.

Concurring in part and dissenting in part.

There was no competent evidence presented at the hearing which we are here reviewing that Sergeant Stack conveyed any information about an internal departmental investigation (Rule 2.700.20). Hearsay and inferences on hearsay are inadmissible. The fact that Sergeant Stack's first name, Art, was mentioned on the tapes cannot infer that the

information attributed to him was in fact received from him because the declarants on the tape were not available for cross-examination.

The only competent evidence supporting the County's discipline was Sergeant Stack's advising Bernkrant to testify truthfully after Bernkrant told him that Bernkrant was being called to testify at an internal investigation.

This was a technical violation of Metro Dade Police Department Standard Operating Procedure No. 4-14 which prohibits talking to the subject of an investigation about the allegations. Any evidence that Sergeant Stack did anything more was only proven by inadmissible hearsay.

I would remand the case to Dade County to reconsider Sergeant Stack's suspension in light of the County's basing its suspension on evidence which was clearly inadmissible.